NELLE S. PAEGEL   SBN241051
Attorney at Law
14275 Pipeline Avenue, Suite 106
Chino, CA 91710
Telephone: (626) 864-8744
Facsimile: (626) 914-3703
nspaegelesq@gmail.com

Attorney for Plaintiffs,
THOMAS PAEGEL
NELLE PAEGEL
THOMAS W.V. PAEGEL
LYDIA CORNELL
BRIAN WILLIAMS
THE BODY COMPANY SPORTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA CORNELL, an individual;<br>NELLE PAEGEL, an individual;<br>THOMAS W. PAEGEL, an individual;<br>THOMAS W.V. PAEGEL, an individual;<br>THE BODY COMPANY SPORTS, INC,<br>a Nevada corporation;<br>BRIAN WILLIAMS, an individual; and<br>AND DOES 1-100<br><br>Plaintiffs<br><br>v.<br><br>GEORGE DEL JUNCO, an individual; ELIDA DEL TORO, an individual; DAVID FLEMING, an individual; THE GREEN NETWORK, an entity of unknown derivation; HITMAN PR, an internet website; STEPHANIE M. KING, an individual; LARRY REICHE, an individual; THE | CASE NO.: CV11-8810-GW (SHx)<br><br>**NOTICE OF MOTION AND MOTION FOR REMAND BACK TO STATE COURT; PLAINTIFF'S OBJECTIONS TO REMOVAL FROM STATE COURT CASE NO.: GC047909; AND STAY OF FURTHER PROCEEDINGS**<br><br><u>SUPPLEMENT</u><br><br>B&PC §§ 6106, 6128(a), 6068(d);<br>CA STATE BAR OPINION 1987-91; FRCP Rule 11;   MRPC Rules 3.1, 3.3;<br><br>Hearing:   December 8, 2011<br>Time:       8:30 A.M.<br>Dept.:       "10," Hon. George H. Wu |

1

```
 1  MILNER GROUP, LLC, a California      )
    limited liability company; DAVID M.  )
 2  ROBINSON, an individual; SPORTSLIFE  )
    INC., a California corporation;      )
 3  STAROPOLY, LLC, a Nevada limited     )
    liability company; TSOFTNET, INC, a  )
 4  Nevada corporation; TODHD, a         )
    subsidiary of TSOFTNET, INC, a Nevada)
 5  corporation; VIEWPARTNER             )
    CORPORATION, a Nevada corporation;   )
 6  ALEX VARONOS, aka ALEX ZARONOS,      )
    aka ALEX ZAMBONI, an individual;     )
 7  CRAIG T. WORMLEY, an individual;     )
    and ALLEN S. MILLER, an individual;  )
 8                                       )
                                         )
 9          AND DOES 1-100               )
                                         )
10                  Defendants           )
                                         )
11  _____)
```

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on October 24, 2011 Attorneys Keith G. Wileman and Xiaoyi Yoa, claiming to represent Defendant Stephanie M. King, LASC Case No. GC047909 did initiate removal to Federal Court, Central District, Case No.: CV11-8810-GW (SHx) from the Los Angeles Superior Court, Northeast District, Department P where Hon. Jan A. Pluim had taken charge of the case. However, Plaintiffs have filed a motion for remand, objections to removal, and stay of further proceedings and are currently on calendar for hearing on the matter in Department 10 on December 8, 2011.

Following numerous filings by Attorneys Wileman and Yao, Plaintiffs hereby supplement their motion as follows:

1.      Attorneys Wileman and Yao are unable to refute that Defendant King was in default on September 13, 2011.  This fact alone precludes their removal action and voids their subsequent arguments as moot.  B&PC § 6068(d) ("deceit"), 6128(a) ("truthfulness").

2

2. There is a strong potential for a conflict of interests between Attorneys Wileman/Yao, Defendant King and the Insurer. According to the California State Bar, FORMAL OPINION NO. 1987-91 there are "several types of recurring situations [giving] rise to a conflict of interest: (1) a settlement offer at or within policy limits where there is a substantial likelihood of an excess judgment (*Merritt v. Superior Court* (1973) 34 Cal.App.3d 858, 871-873 [110 Cal. Rptr. 511]); (2) a suit against the insured alleging alternative theories of recovery, the outcome of which will determine whether the claim is covered (See *San Diego Naval Federal Credit Union*, supra, 162 Cal. App. 3d 358, 365); and (3) representation of the insured in the third party suit while representing the insurer in a coverage action against the insured *(Executive Aviation inc. v. National Ins. Underwriters* (1971) 16 Cal.App. 3d 799). At least two if not all three of the foregoing examples for a conflict of interest apply in this case.

3. Apparently, Attorneys Wileman and Yao believe that they have acted appropriately in concealing the true nature of their representation. *Contra* B&PC § 6068(d). And in numerous of their court documents and most of their correspondence to Plaintiffs' counsel they have harassed, vilified, defamed and generally made false statements to the Court in an attempt to discredit her. The following is a collection of their accusations in court filings that are herein incorporated by reference: A) <u>Declaration of Keith G. Wileman</u>, filed 11/09/11, ref: page 3, lines 23-25 ("Ms. Paegel refused to contact me") and page 4, lines 15-16 ("inexcusable"), 19 ("contumacious conduct"); B) <u>Memorandum of Points and Authorities</u>, filed 11/17/11, ref: page 4, lines 14-16 ("failed to communicate"), 17 ("multiple violations of the Rules are knowingly and without any justification"), and page 9, lines 22-24 ("Plaintiff's misrepresentation to the Court"); <u>Unilateral Rule 26(f)</u>, filed 11/21/11, ref: pg. 2, lines 12-14 ("refused"), 24 ("contumacious conduct"), page 3, lines 3-4 ("bloated complaint"); <u>ADR questionnaire</u>, items (1) ("Nelle Paegel has refused to communicate in any fashion with defense counsel")("prolix and undecipherable") ("bizarre set of claims") and (2) ("Nelle Paegel has flatly refused to meet and confer with defense counsel")("the complaint is so

3

SUPPLEMENT TO NOTICE OF MOTION AND MOTION FOR
REMAND; PLAINTIFF'S OBJECTIONS TO REMOVAL; AND
STAY OF FURTHER PROCEEDINGS CORNELL v. DEL JUNCO

1  confusing, self-contradictory and prolix"); <u>Notice of Motion and Motion to Dismiss by</u>
2  <u>Defendant Stephanie King</u>, filed 10/31/11, ref: page 2, lines 27-28 ("refused"), page 3,
3  lines 1-3 ("King's counsel has since made repeated phone calls to Plaintiffs' counsel,
4  but Plaintiffs' counsel has not answered any"), page 20, lines 16-19 ("Since the receipt
5  of Ms. Paegel's e-mail of October 24, 2011 refusing to timely meet and confer with me, I
6  have made repeated phone calls to Ms. Paegel in an attempt to discuss . . . but Ms.
7  Paegel has not answered any of my phone calls.") *Id.*

8        It is very disconcerting how Attorneys Wileman and Yao can so easily
9  misrepresent the facts, and so many times, in each of their filings with the court.  First, I
10 am justified in challenging their representation, which we now know was misrepresented
11 in the beginning and remains so as we still are not informed who their insurer client is;
12 Second, stating that I refused to meet is refuted by the evidence; Third, I cannot justify
13 wasting my clients' money addressing the voluminous paperwork presented by errant
14 attorneys; Fourth, since my phone records, included herein as Exhibit #1, show no
15 attempt to ever contact me by phone—despite repeated misstatements to the
16 contrary—one is forced to now question every other statement made by Attorneys
17 Wileman and Yao as to their veracity.

18 4.    Attorneys Wileman, Yao with Robert Newell, Jr. (Defendant King's attorney-of-
19 record) have colluded in order to perpetrate a fraud on the Court and Attorney Paegel
20 into believing that Attorneys Wileman and Yao *independently* represent Defendant King,
21 when they have finally admitted to actually being hired by an insurance company to
22 represent Defendant King as a third party with the insurer, whoever that is.  B&PC §§
23 6128(a) ("proscribing collusion"), 6068(d) ("failing to disclose identity of client").  See
24 <u>Memorandum of Points and Authorities</u>, filed 11/17/11, page 3, line 7 wherein Attorneys
25 Wileman and Yao state: "On October 17, 2011, Mr. Keith Wileman ("Wileman") was
26 appointed counsel for Defendant King by her insurance carrier."  In contravention to the
27 rules of professional conduct, Attorneys Wileman and Yao—one month after the fact—
28 finally disclose and admit that they were hired by Ms. King's insurance carrier, but

4

remain silent as to that firm's identity. And, out of all of the filings and correspondences, this is the ONLY place that says so. B&PC 6068(d) ("misleading the judge.")

See also <u>Declaration of K.G. Wileman</u>, page 4, lines 8-10 and the <u>Memorandum</u> filed on 11/17/11, page 3, lines 19-20 attempting to persuade the Court that Attorney Newell only "specially" represented Defendant King. In so doing, they have all exposed themselves to criminal liability, discipline by the California State Bar and sanctions by this Court for abusive litigation practices under B&P Code §§ 6128(a) and 6068(d) and MRPC Rules 3.1 and 3.3. As a direct result of their accumulated acts, they have doubled the Plaintiffs' attorney fees and other costs.

5.  As a direct result of their wrongful acts, a California State Bar complaint has been filed against Attorneys Newell, Wileman and Yao, appropriate under B&PC § 6106 ("dishonesty, corruption, and moral turpitude"). The following are excerpts from that complaint and exhibits not already filed with the Court.

**Attorneys Wileman and Yao removed [this case] to Federal Court, CV11-8810, Dept. 10, for the sole benefit of an as yet undisclosed insurance company.**

**Although documents filed in Federal Court, Central District list both Attorney Wileman and Attorney Yao as "attorneys representing Defendant Stephanie King," the State Bar of California website states that Attorney Yao's address is: 49 Sycamore Ln., Buena Park, CA 90621. <u>Exhibit [# 2 ]</u>. It appears that either Attorney Yao has failed to properly notify the California State Bar of her correct address or yet a third attorney is representing Defendant King.**

**The State Bar of California website listing for Attorney Yao is void of any phone, fax, or e-mail correspondence information. Furthermore, Attorney Yao lists as her "Undergraduate School" merely "Foreign School." This lack of candor is evasive, to say the least, and has been the source of much concern. The case involving Defendant King includes seventeen (17)**

other defendants who have committed a wide variety of frauds. They are all currently under FBI investigation . . . .

In addition to accusing me of misconduct, Attorney Wileman whined to the Court that I refused to take his calls or that my answering machine was full. Neither statement is true and I am willing to produce my complete phone records, under seal. For the moment, I have included partial records, redacted to protect confidentiality for the time period in question. Attorney Wileman lists two phone numbers, one beginning with area code "213" the other with area code "818." No telephonic contact was ever recorded by AT&T from those area codes during the time he claims. Exhibit [ 1 ].

Attorney Newell was contacted by Attorneys Wileman and Yao who represent Defendant King's insurer. Attorneys Newell, Wileman and Yao have ALL failed to immediately notify me that there was an insurer involved or that Attorneys Wileman and Yao represented an insurance company. Instead, Attorneys Wileman and Yao falsely identified themselves—to me and the Court—as Defendant King's "attorneys of record" and, knowing this to be untrue, Attorney Newell remained silent.

Attorneys Wileman and Yao have been most disrespectful of me, completely ignoring the rules governing civility to opposing counsel. They have caused wasted time and voluminous unnecessary work.

There is also an issue of corruption. It is illegal to remove or alter the "file" belonging to the Clerk of Courts. On inquiry, however, I was told that once a file has been released there is virtually no supervision of it by court personnel. Signed requests for dismissal documents that were filed by Plaintiffs to dismiss their case against Defendant Larry Reiche and his company, Sportslife, Inc., were somehow included in Attorneys Wileman and Yao's filing dated 11/17/11 to refute my charge that not all Defendants were contacted or agreed to the removal. However, as the file had been, according

6

SUPPLEMENT TO NOTICE OF MOTION AND MOTION FOR
REMAND; PLAINTIFF'S OBJECTIONS TO REMOVAL; AND
STAY OF FURTHER PROCEEDINGS CORNELL v. DEL JUNCO

to the courtroom clerks, "missing" neither Larry Reiche nor Sportslife, Inc. could be notified by the clerk that the case against them was dismissed before said file was removed by Attorneys Wileman and Yao on October 24, 2011. See attached Declaration from Larry Reiche that he was never notified about his dismissal or that of Sportslife, Inc., by the Court. Exhibit #[ 3 ]. Similarly, my office received no such confirmation either.

The file was missing from Superior Court during the time when Attorneys Wileman and Yao admit to having it. I was apprised by the court clerks that "the file is missing" during the same time frame that Attorneys Wileman and Yao admit to having it. And evidence exists that the file has been corrupted as there is now a dispute as to its contents. Because Larry Reiche and Sportslife, Inc. were never notified by the court as to their dismissal, how did Attorneys Wileman and Yao get their hands on signed and certified *original* paperwork?

How was it possible that Duy Truong, deputy clerk at the Pasadena Courthouse, was able to certify a copy of the "original" dismissal on November 15, 2011, when the file had already gone to Federal Court three weeks prior? [See Memorandum, filed 11/17/11, exhibits "A" and "B"]

Attorneys Wileman and Yao have also implicated Attorney Newell in attorney collusion. A careful review of [correspondence] shows that Attorney Wileman claims that he spoke with Attorney Newell and "cc'd" him as well as Attorney Yao. Although it is difficult to ascribe any truth to what Attorney Wileman has said at this point, his statements about Attorney Newell's actions, if true, rises to the level of attorney collusion. Indeed, my motion for remand was mailed to Attorney Newell as the attorney of record, and he passed it along to Attorneys Wileman and Yao (which Attorney Wileman has verified). This is indeed the ONLY way Attorneys Wileman and Yao could have received it because this document never appeared—in that form—on the

7

SUPPLEMENT TO NOTICE OF MOTION AND MOTION FOR
REMAND; PLAINTIFF'S OBJECTIONS TO REMOVAL; AND
STAY OF FURTHER PROCEEDINGS CORNELL v. DEL JUNCO

**District Court website.**  See <u>Declaration of Keith G. Wileman and Exhibits in Opposition to "Emergency" Motion to Remand.</u> The "Emergency" motion was never electronically filed as such because I was instructed by the Court to file it as a regular motion being duly calendared for hearing on December 8, 2011.  The only way in which this particular document ended up in the hands of Attorneys Wileman and Yao was by and through Attorney Newell to whom it had already been sent, as the attorney of record.  NOTE:  If Attorney Newell was not the attorney of record, he should have returned that document to me and clarified his representation.  Instead, he remained silent as to me and gave it to Attorneys Wileman and Yao, who mistakenly responded to it.

7. Plaintiffs' counsel looks forward to the hearing on December 8, 2011 where Attorneys Wileman and Yao might identify their insurer client, if any.  Plaintiffs' counsel is unaware of any insurance carrier being liable for acts of fraud.  This begs the questions: "Are Attorneys Wileman and Yao *intentionally* trying to incur liability for their insurer client by twisting the complaint to be a copyright contest?"  And what possible insurance carrier is this?  It cannot be Defendant King's chiropractor's malpractice insurer, because this case does not involve her actions in that capacity.  And, it cannot be a business carrier for Hitman PR, her partner, since Hitman PR is a business (fraudulent) non-entity incapable of getting business insurance.  And, it cannot be Defendant King's homeowner's policy insurer as the fraudulent acts occurred primarily from her office.

**CONCLUSION:** The Plaintiffs have sufficiently articulated plausible and reasonable claims for relief within the "four corners" of its motion and supplement as required by law.  Attorneys Newell, Wileman, and Yao have colluded with each other and in so doing have violated several codes, statutes and rules governing misrepresentations of fact to the Court and opposing counsel.

**WHEREFORE**, for all of the foregoing reasons, Plaintiffs respectfully request this Honorable Court grant its motion for remand of their case back to Department P of the Los

8

SUPPLEMENT TO NOTICE OF MOTION AND MOTION FOR
REMAND; PLAINTIFF'S OBJECTIONS TO REMOVAL; AND
STAY OF FURTHER PROCEEDINGS CORNELL v. DEL JUNCO

Angeles Superior Court, Northeast District and the Honorable Jan A. Pluim.  Plaintiffs further respectfully request this Court impose judicial sanctions and other penalties it deems appropriate under FRCP Rule 11 against Attorneys Newell, Wileman and Yao and award Plaintiffs their attorney fees and costs.

Dated: November 30, 2011

Respectfully submitted,

_____
NELLE S. PAEGEL, Attorney for Plaintiffs
14275 Pipeline Ave., Suite 106
Chino, CA 91710
626-864-8744

SUPPLEMENT TO NOTICE OF MOTION AND MOTION FOR
REMAND; PLAINTIFF'S OBJECTIONS TO REMOVAL; AND
STAY OF FURTHER PROCEEDINGS CORNELL v. DEL JUNCO