<u>*Lydia Cornell, et al., v. George Del Junco, et al.*</u>, Case No. CV-11-8810
Tentative Ruling on Plaintiffs' Motion to Remand


  Before the Court is Plaintiffs Thomas Paegel, Nelle Paegel, Thomas W.V. Paegel, Lydia Cornell, Bryan Williams, and the Body Company Sports, Inc.'s (collectively, "Plaintiffs") Motion for Remand Back to State Court; Plaintiffs' Objections to Removal from State Court Case No. GC047909; and Stay of Further Proceedings, pursuant to 28 U.S.C. § 1447(c) & 1446(c)(5).[1]  After reviewing the moving and opposing papers, the Court would require further consideration of two issues at the hearing on this motion, as discussed below, before reaching a final outcome.  As a result, the Court refrains from yet addressing the merits of defendant Stephanie M. King's motion to dismiss also set for a hearing on December 8, 2011, until such time as the subject matter jurisdiction of this Court is established.

### I. Background

  On August 15, 2011, Plaintiffs filed a 117 page Complaint (and 303 concomitant pages of exhibits) in state court against various persons, including defendant Stephanie M. King ("King" or "Defendant"), alleging 27 causes of action.  Notice of Removal ("NOR"), Docket No. 1, Exh. A.  The Complaint appears to center on a Variety Power of Comedy event that took place at Club Nokia in Los Angeles on December 4, 2010.  The Court notes that the allegations therein are somewhat incomprehensible - Plaintiffs' allegations jump between various defendants, plaintiffs, and actions, making it difficult to understand the crux of the Complaint or how all the named parties are truly related.  Compl. ¶¶ 33-34.  Nonetheless, Plaintiffs seem to allege, *inter alia*, that certain defendants apparently videotaped portions of the December 4, 2010 event using Plaintiffs' blank tapes and equipment, but failed to provide the footage to Plaintiffs as required by the parties' various agreements and used the footage for their own ends.  *See*, *e.g.*, Compl. ¶¶ 66-83.

  On October 24, 2011, defendant King removed the action to this court.  In the NOR, she asserts, through counsel, that she was served in the state case on September 24, 2011 (NOR, Exh. B), that the instant Court has federal question jurisdiction over the case due to the various claims for federal copyright infringement, and that all served defendants have consented to removal.  On November 9, 2011, Plaintiffs brought the instant motion for remand, alleging various defects in the removal.

### II. Analysis

  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Prize Frize Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *overruled on other grounds by Abrego Abrego*

---

[1] The citation to 28 U.S.C. § 1446(c)(5) appears to be in error, as that provision deals with the remand of criminal prosecutions.

*v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  If there is any doubt as to the right of removal in the first instance, "federal jurisdiction must be rejected."  *Duncan v. Struetzle*, 76 F.2d 1480, 1485 (9th Cir. 1996) (internal quotation marks omitted); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiffs assert that the instant Court should remand this action to state court for the following reasons.  First, they argue that there is no federal question jurisdiction based on the allegations in their Complaint.  Second, they argue that King's attorney, Keith G. Wileman, had no authority to remove the case on King's behalf.  Third, they argue that not all defendants agreed to the removal and that King's representation, through counsel, that all other defendants *orally* consented to removal is improper.  Fourth, they argue that removal is not proper where any defendant is a citizen of the state in which the case is brought.  Fifth, they argue that removal was effected for an improper purpose, not related to federal question jurisdiction, but to vitiate the default proceedings instituted against King in state court and to protect her boyfriend, another named defendant in this action, who would have been "implicated in any answer" filed by King in state court.  Mot. at 7:21-24.  The Court addresses each argument in turn.

Plaintiff's argument that there is no federal question jurisdiction over the Complaint is without merit.  As stated in the NOR, Defendant King removed this case on the basis of federal question jurisdiction given the five causes of action for various types of copyright infringement relating to conduct at the center of this case.  *See* Compl., Causes of Action 15-19 for Direct Copyright Infringement, Copyright Piracy, Inducement to Infringe Copyright, Contributory Copyright Infringement, and Vicarious Copyright Infringement.  While Plaintiffs argue in the remand motion that all their claims sound in state law and/or are not preempted by federal law, they fail to acknowledge that these copyright claims are *expressly alleged* as brought pursuant to the federal Copyright Act.  Compl. ¶¶ 450-491.  Thus, this argument fails to warrant remand.

Likewise, Plaintiffs' argument that this Court does not have jurisdiction because removal violates the "no local defendant" rule is without merit.  The requirement under 28 U.S.C. § 1441(b) that a defendant not be a citizen of the state in which the action is brought does not apply to cases removed on the basis of federal question jurisdiction.  Therefore, this argument too fails to warrant remand.

Plaintiffs also argue that removal was improper because not all defendants consented to removal.  Specifically, they argue that the two defendants - Larry Reiche and SportsLife, Inc. - which King represented were dismissed from the action were not actually dismissed at the time of removal.  Instead, only a request for their dismissal was pending at the time of removal; and therefore, King should have gotten their consent to removal because they were still parties to the case at the time of removal, but she failed to do so.  However, this argument is belied by the court documents submitted by King in her opposition.  As those records reflect, Plaintiffs requested that this action be dismissed with prejudice as to Larry Reiche and SportsLife, Inc., on October 7, 2011, and the state court entered such dismissals on October 11, 2011.  *See* Declaration of Keith G. Wileman in Sup. of King's Opp., Docket No. 16, Exh. A & B.  Plaintiffs have not countered these representations and provide no support for an assertion that individuals

who are no longer defendants in a case at the time of removal must nonetheless join in the removal.  In addition, Plaintiffs' argument that King cannot obtain the oral consent from the remaining defendants to join in the notice of removal is incorrect under Ninth Circuit law.  *See Proctor v. Vishay Intertechnology, Inc*., 584 F.3d 1208, 1255 (9th Cir. 2009) ("[W]e conclude that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant.  One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient;" approving notice of removal stating "'[a]ll defendant consent to the removal of this action'").

Next, Plaintiffs argue that King removed this case not due to the federal questions raised in the Complaint, but due to the "improper purpose" of avoiding the default that was entered against her as of September 13, 2011, and to protect her boyfriend, a named defendant in this case, who will be "implicated by any answer" she might file in this case.  Mot. at 6-7.  These arguments fail.  First, no default has been entered against King as reflected by the poorly marked exhibits submitted by Plaintiffs; only *requests* for entries of default have been filed.  *See* Docket No. 12, Exh. 6-1 – 6-4; Docket No. 12-2, Exh. 11.  More importantly, King's motive or purpose in removing the case is immaterial where she has otherwise satisfied the statutory requirements for removal.  Plaintiffs provide no legal authority to the contrary.

Moreover, to the extent Plaintiffs mean to challenge the *timeliness* of the removal under 28 U.S.C. § 1446(b), they need to be more clear.  They no where cite to that code provision or expressly and affirmatively argue that the removal was untimely.  However, the Court acknowledges that by arguing King has removed the case for the "improper purpose" of avoiding default, Plaintiffs relate that they take the position she was effectively served in the state case on August 15, 2011.  But, despite Plaintiffs' contention that King was served on August 15, 2011, the exhibits they submit show that service in this matter has been hotly contested.  What the Court has gleaned from Plaintiffs' poorly marked exhibits - which include some court documents as well as attorney correspondence -  is the following: (1) Plaintiffs claimed to have personally served King on August 15, 2011; (2) King contested that she was ever personally served on that date; (3) Communications between counsel for Plaintiffs and King ensued about effectuating service which were not fruitful; (4) King then brought a motion to quash service on September 14, 2011, based on the purportedly insufficient personal service on August 15, 2011; (5) Plaintiffs then sought to personally serve King again on September 24, 2011, service which she accepted and forms the basis of her removal; (6) In light of the September 24, 2011 service, King voluntarily took off calender her motion in state court to quash the earlier August 15, 2011 service; and (7) On October 2 and 19, 2011, Plaintiffs nonetheless proceeded to seek entry of default against King, taking the position that her voluntary dismissal of the motion to quash meant that she was *conceding* service was effective as of August 15, 2011, and was not just a response to her September 24, 2011 acceptance of process (a point contested by King's counsel).  *See*, *e.g*., Docket No. 11, Exhs. 1; Docket No. 11-1, Exhs. 2-3; Docket 12, Exh. 6-7; Docket No. 12-1, Exh. 8; Docket No. 12-2, Exh. 11.

Thus, even based on what Plaintiffs have submitted, the Court cannot conclude that service was in fact effected on August 15, 2011, when Scott contested such service up until the

point that she accepted service on September 24, 2011.  And the Court certainly cannot read King's voluntary dismissal of her motion to quash the August 15, 2011 service after she accepted service on September 24, 2011, as an admission that the prior August service was proper.  Also, the Ninth Circuit has at least passingly acknowledged that an objection to the sufficiency of service at the state court level may be construed as a lack of service when evaluating if the requirements of removal jurisdiction have been met.  *See Prize Frize, Inc.*, 167 F.3d at 1266 ("assuming objecting to sufficiency of process may be equated to lack of service").  Defendant King also appears not to have read Plaintiffs' "improper purpose" arguments as a timeliness objection, which the Court can understand considering Plaintiffs' failure to actually characterize their argument that way or to cite to 28 U.S.C. § 1446(b).

However, this Court also recognizes that the burden is on Defendant to show that she has complied with the removal statute.  Based on the exhibits provided to the Court, Plaintiffs have at least shown that there is some colorable issue of whether this Court should treat service on King to have occurred prior to September 24, 2011, making her removal untimely, to which King has not provided much of a response.  Therefore, at the hearing, the parties should be prepared to present argument/evidence regarding whether removal was timely based on the debate as to the proper date of service on King, which was never fully resolved by the state court.

Finally, Plaintiffs assert that King's counsel in the instant case, attorney Keith G. Wileman ("Wileman"), was not Defendant's attorney of record in the state court proceedings and never was substituted in as counsel of record in the state court proceedings.  Therefore, Plaintiffs argue that Wileman had no authority to remove this case to federal court.  While Plaintiffs provide no case law authority for their argument, this Court acknowledges that at least some district courts within the Ninth Circuit have considered such a point on a motion to remand.  *Wachovia Sec., LLC v. Holland*, No. 08cv1994, 2008 WL 4822253, *1 (S.D. Cal. Nov. 5 2008) (remanding action in part because it appeared "to have been improvidently removed by counsel who is not the attorney of record in the Superior Court action.") (*citing Wells Fargo & Co v. City and County of San Francisco*, 25 Cal. 2d 37 (1944) ("it is well settled that the attorney of record has the exclusive right to appear in court for his client and to control the court proceedings, so that neither the party himself . . . nor another attorney can be recognized by the court in the conduct or disposition of the case")).  Moreover, Defendant fails to adequately respond to Plaintiffs' argument, other than to say that her insurance carrier appointed Wileman as her attorney on October 17, 2011.  This fact, without any legal argument, does not explain whether Wileman was ever substituted in as King's attorney of record in the state court action or whether such substitution is unnecessary for purposes of removing a case to federal court.  The Court would seek clarification on this point at oral argument.[2]

---

[2] Plaintiffs' untimely supplement to their motion to remand, filed on November 30, 2011, provides no additional support for their motion.  Doc. No. 22.  Instead, Plaintiffs simply list the many purported bad acts of King's counsel in the federal action, unrelated to the merits of the motion for remand.

The Court would also deny any cursory request by Plaintiffs for sanctions against Defendant King as unsupported on the record.  Moreover, an entitlement to attorney fees or other costs is premature.

**III.   Conclusion**

For the foregoing reasons, the Court would require the parties to be prepared to address the following issues at the December 8, 2011 hearing: (1) the operative service date of King in the underlying state court proceedings to determine the timeliness of removal - the parties should be prepared with relevant documentary evidence and *witnesses* at the hearing who can attest to what they consider to be the proper date of service; and (2) whether Wileman was ever substituted in as counsel of record in the state court proceedings and whether that matters for purposes of effecting a proper removal to federal court.  No further pre-hearing written submissions are requested at this time.

In light of the uncertain resolution of the motion to remand, the Court will refrain from yet addressing defendant King's motion to dismiss the Complaint filed on October 31, 2011.  Docket No. 7.  However, the Court does note that Plaintiffs have inexplicably failed to file an opposition to the motion to dismiss.  Plaintiffs should be prepared to explain why this Court should not consider Plaintiffs' failure to oppose the motion as a concession that it should be granted.